# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CHERISE WITHERSPOON,

      *Plaintiff*,

    v.

DISTRICT OF COLUMBIA,

      *Defendant*.

No. 18-cv-1858 (RDM)

## ORDER

Upon consideration of Defendant's motion to dismiss the amended complaint, Dkt. 14, the Court first concludes that the Plaintiff has conceded that she did not exhaust her administrative remedies insofar as she brings a claim under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, Dkt. 16 at 4. Moreover, upon review of the complaint, the Court concludes that the Plaintiff has failed to plead any facts concerning any classification protected under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2. Accordingly, it is hereby ORDERED that Defendant's motion to dismiss is GRANTED with respect to Plaintiff's claims insofar as they are brought under the Family and Medical Leave Act or Title VII.

With respect to Plaintiff's remaining claims, the Court is faced with a barebones challenge to a barebones complaint. The Defendant purports to move to dismiss Plaintiff's claims under both Rule 8(a) and Rule 12(b)(6), Dkt. 14 at 4, but does so only on the basis that the complaint is "devoid of any specificity as to what causes of action she is proceeding under, and which of the facts detailed in her complaint relate to each cause of action." Dkt. 14 at 5. It is evident to the Court, however, that Plaintiff is alleging clams under the Americans with Disabilities Act, ("ADA") 42 U.S.C. § 12101 *et seq.*, the D.C. Whistleblower Act, D.C. Code §

1-615.51, and the D.C. common law of intentional infliction of emotional distress. *See* Dkt. 13 at 1, 2-4. Moreover, although not a picture of clarity, Plaintiff's complaint does allege dates and the content of specific requests for accommodation, the name of the supervisor who denied those requests, and the dates and content of derogatory comments and employment reviews made by that supervisor. *See* Dkt. 13 at 2-4.

Finally, Defendant's contention in its reply brief is that the complaint "remains deficient in several critical aspects," Dkt. 17 at 3-4, is both too late and too sparse to justify dismissal of any of Plaintiff's claims under Rule 12(b)(6). A motion to dismiss requires more than a list of citations with brief parentheticals describing the holdings of the cited cases.

Accordingly, the District's motion to dismiss under Rule 8 and Rule 12(b)(6) is DENIED with respect to Plaintiff's claims under the ADA, D.C. Code § 1-615.51, and D.C. common law. Nothing in this order, however, prevents the Defendant from submitting an answer and moving for judgment on the pleadings or summary judgment insofar as Plaintiff's allegations are insufficient to state a claim under any of those causes of action.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  August 22, 2019